**This order is SIGNED.**

**Dated: November 18, 2021**

*William J. Thurman*

**WILLIAM T. THURMAN**
**U.S. Bankruptcy Judge**



*Prepared by:*

Matthew M. Boley (8536)
Jeffrey Trousdale (14814)
**COHNE KINGHORN, P.C.**
111 E. Broadway, 11th Floor
Salt Lake City, UT  84111
Telephone:  (801) 363-4300
Facsimile:   (801) 363-4378
E-mail: mboley@ck.law
         jtrousdale@ck.law

*Attorneys for* debtor-in-possession
ALMA ROY ROUNDY

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| In re:<br>**ALMA ROY ROUNDY**,<br>Debtor. | Bankruptcy No. 21-22878<br>Chapter 11<br>Honorable William T. Thurman |
|---|---|

**FINDINGS AND CONCLUSIONS REGARDING CONFIRMATION**
**OF DEBTOR'S PLAN UNDER SUBCHAPTER V OF CHAPTER 11**

This matter came before the Court on November 18, 2021 at 2:00 p.m. (the "**Confirmation Hearing**") to consider confirmation of the *Debtor's Plan of Reorganization Under Subchapter V of Chapter 11 of the Bankruptcy Code, dated September 28, 2021* [Docket No. 25] (as it may be modified pursuant to the Confirmation Order, the "**Plan**"), filed by ALMA ROY ROUNDY, debtor and debtor-in-possession (the "**Debtor**") in the above-captioned bankruptcy case (the "**Case**") under subchapter V of chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**").  Matthew M. Boley and Jeffrey Trousdale appeared on behalf of the Debtor.  Other counsel and parties-in-interest noted their appearances on the record.

Based upon the evidence received at the Confirmation Hearing, the Plan, the *Ballot Tabulation Register* [Docket No. 41], the *Declaration of Alma Roy in Support of Confirmation of Debtor's Plan under Subchapter V of Chapter 11 of the Bankruptcy Code* [Docket No. 42], the Stipulation by Guild Mortgage Company LLC conditionally withdrawing its objection and accepting the Plan [Docket No. 35], the Stipulation by Caliber Home Loans, Inc. conditionally withdrawing its objection and accepting the Plan [Docket No. 36], other papers filed concerning the Plan [*e.g.*, Docket Nos. 26, 27, 37, 38 and 40], the absence of any outstanding objections to confirmation of the Plan, the statements of counsel and other matters of record, having inquired into the legal sufficiency of the evidence adduced, and good cause appearing, the Court hereby

**FINDS AND CONCLUDES**[1] as follows:

A. <u>Exclusive Jurisdiction; Venue; Core Proceeding</u>. This Court has jurisdiction over the Bankruptcy Case[2] pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. Confirmation of the Plan is a core proceeding under 28 U.S.C. § 157(b)(2), and this Court has exclusive jurisdiction to determine whether the Plan complies with the applicable provisions of the Bankruptcy Code and should be confirmed.

B. <u>Judicial Notice</u>. This Court takes judicial notice of the docket of the Bankruptcy Case maintained by the Bankruptcy Court, including, without limitation, all pleadings, papers and other documents filed, all orders entered, and the transcripts of, and all minute entries on the docket indicating the evidence and arguments made, proffered or adduced at the hearings held before the Court during the pendency of the Bankruptcy Case.

C. <u>Transmittal and Mailing of Materials; Notice</u>. All due, adequate, and sufficient notices of the Plan, the Confirmation Hearing, and the deadlines for voting on and filing objections to the Plan, were given to all known holders of Claims and Interests in accordance with the Bankruptcy Code, the Bankruptcy Rules and the orders of this Court. The Plan, notice

---

[1] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. <u>See</u> Fed. R. Bankr. Pro. 7052.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings provided in the Plan.

{00587018.DOCX / 2}

of the Plan and applicable deadlines, and relevant ballots were transmitted and served in substantial compliance with the Bankruptcy Code, the Bankruptcy Rules and the orders of this Court upon Creditors and holders of Equity Interests entitled to vote on the Plan, and such transmittal and service were, and are, adequate and sufficient. No other or further notice of the Plan or the Confirmation Hearing is or shall be required.

D. Solicitation. Pursuant to § 1181(b),[3] section 1125 of the Bankruptcy Code does not apply. As evidenced by the docket in this Case, including the Plan, the Notice(s), the Certificate(s) of Service and the Ballot Tabulation Summary, the Plan was disseminated to all creditors and interest holders entitled to vote together with appropriate ballots. Further, the Plan and Notice(s) were transmitted and served on all parties entitled to copies of thereof (including all creditors on the mailing matrix and all persons entitled to vote on the Plan) in substantial compliance with the Bankruptcy Code, Bankruptcy Rules and relevant orders of the Court. All procedures used to distribute solicitation materials for the Plan and to tabulate the ballots were fair and conducted in accordance with the Bankruptcy Code, the Bankruptcy Rules, the local rules of the Court, and all other rules, laws, and regulations. Accordingly, the Debtor's solicitation of acceptance of the Plan complied with the applicable provisions of the Bankruptcy Code and the orders of this Court, including §§ 1126, 1189 and 1190, Bankruptcy Rules 3016 and 3018, all other applicable provisions of the Bankruptcy Code, and all other rules, laws and regulations. Based on the record before the Court in the Bankruptcy Case, the Debtor has acted in "good faith" within the meaning of § 1125, and is entitled to the protections afforded by § 1125(e), to the extent applicable.

E. Distribution. All procedures used to distribute the solicitation materials to the applicable holders of Claims, and to tabulate the ballots were fair and conducted in accordance with the Bankruptcy Code, the Bankruptcy Rules, the orders and local rules of the Bankruptcy Court, and all other rules, laws, and regulations.

---

[3] Unless otherwise provided, all references to statutory sections in these Findings and Conclusions using the section symbol "§" are to the relevant sections of the Bankruptcy Code.

{00587018.DOCX / 2}

F.	Creditors' Acceptance of Plan. The Plan establishes seven Classes of Claims. Six of the seven impaired Classes of Claims accepted the Plan. One Class of Claims, Class 2, narrowly voted to reject the Plan. All other Classes of Claims or Interests in which ballots were returned – Classes 3, 4 and 6 – voted unanimously to accept the Plan. One holder of a Class 7 Claim returned an untimely ballot accepting the Plan. Classes 1 and 5 neither returned any ballots nor objected to confirmation. As such, they are deemed to have accepted the Plan.[4] In summary, all but one Class of Claims either have accepted by affirmative vote, or are deemed to have accepted the Plan. As set forth below, the Plan satisfies the "fair and equitable" requirements of § 1191(b) with respect to the sole rejecting Class.

G.	Subchapter V of Chapter 11 of the Bankruptcy Code Applies. Pursuant to § 103(i), the Debtor (a) is a "debtor" as defined in § 1182, and (b) elected that subchapter V of chapter 11 shall apply to this Case.

i.	The Debtor is a person engaged in commercial or business activities that has aggregate noncontingent liquidated secured and unsecured debts as of the Petition Date in an amount not more than $7,500,000 (excluding debts owed to 1 or more affiliates or insiders) not less than 50 percent of which arose from the commercial or business activities of the Debtor.

ii.	The Debtor is not a person whose primary activity is the business of owning single asset real estate.

iii.	The Debtor is not a member of a group of affiliated debtors that has aggregate noncontingent liquidated secured and unsecured debts in an amount greater than $7,500,000 (excluding debt owed to 1 or more affiliates or insiders).

---

[4] See, e.g., In re Ruti-Sweetwater, Inc., 836 F.2d 1263, 1267-68 (10th Cir. 1988); In re John Kuhni Sons, Inc., 10-29038 RKM, 2011 WL 1343206 at *4 (Bankr. D. Utah Mar. 30, 2011); In re Jones, 530, F.3d 1284, 1291 (10th Cir. 2008); In re Armstrong, 292 B.R. 678, 684 (10th Cir. B.A.P. 2003).

{00587018.DOCX / 2}

      iv.    The Debtor is not a corporation subject to the reporting requirements under section 13 or 15(d) of the Securities Exchange Act of 1934 (15 U.S.C. §§ 78m or 78o(d)).

      v.    The Debtor is not an affiliate of an issuer as defined in section 3 of the Securities Exchange Act of 1934 (15 U.S.C. §§ 78c).

H.    <u>Plan Complies with Bankruptcy Code – § 1129(a)(1)</u>.  The Plan complies with the applicable provisions of the Bankruptcy Code.  Without limitation –

      i.    <u>Proper Classification</u>.  As required by § 1123(a)(1), Article 4 of the Plan properly designates Classes of Claims, and classifies only substantially similar Claims in the same classes pursuant to § 1122.

      ii.    <u>Specify Unimpaired Classes</u>.  There are no unimpaired Classes of Claims under the Plan.  All Classes of Claims are impaired.

      iii.    <u>Specify Treatment of Impaired Classes</u>.  Classes 1 through 7 are designated as impaired under the Plan.  Articles 4 and 5 of the Plan specifies the treatment of the impaired Classes of Claims, thereby satisfying § 1123(a)(3).

      iv.    <u>No Discrimination</u>.  The Plan provides for the same treatment for each Claim in each respective Class, unless the holder(s) of a particular Claim(s) has agreed to less favorable treatment with respect to such Claim, thereby satisfying § 1123(a)(4).

      i.    <u>Implementation of Plan</u>.  The Plan provides adequate and proper means for its implementation, thereby satisfying § 1123(a)(5).  Among other things, Articles 6 and 7 of the Plan provide for (a) the vesting of the property of the Debtor and his chapter 11 bankruptcy Estate in the Reorganized Debtor, (b) the Reorganized Debtor's use and retention of property, (c) the continuation of normal business financial affairs by the Reorganized Debtor, and (d) distributions to creditors equal to or greater than the Reorganized Debtor's Projected Disposable Income.

   v. <u>Corporate Charter Provision Inapplicable</u>.  Section 1123(a)(6) is satisfied in that it is inapplicable to individual debtors.

   vi. <u>Selection of Manager(s)</u>.  The Plan designates and discloses the Debtor as the Distribution Agent under the Plan. As an individual, the Reorganized Debtor has no directors and officers. The Debtor's service as Distribution Agent will minimize the costs of administration of the Estate, and as such, the Plan is consistent with the interests of creditors and with public policy.  Thus, § 1123(a)(7) is satisfied.

   vii. <u>Additional Plan Provisions</u>.  The Plan's provisions are appropriate and consistent with the applicable provisions of the Bankruptcy Code, including provisions regarding (a) the assumption and/or rejection of executory contracts and unexpired leases, (b) the retention and enforcement by the Debtor of claims under chapter 5 of the Bankruptcy Code and under applicable non-bankruptcy law, and (c) modification of the rights of holders of secured claims.  Thus, § 1123(b) is satisfied.

   viii. <u>Bankruptcy Rule 3016(a)</u>.  The Plan is dated and identifies the Debtor as its proponent, thereby satisfying Bankruptcy Rule 3016(a).

   ix. <u>Filing of the Plan – § 1189</u>.  The Plan was filed by the Debtor.  The Debtor filed the plan on September 28, 2021, which was not later than 90 days after the order for relief, i.e., within 90 days after the Petition Date.  Accordingly, the requirements of § 1189 are satisfied.

   x. <u>Contents of Plan – § 1190(1)</u>.  The Plan includes (A) a brief history of the business operations of the Debtor, (B) a liquidation analysis, and (C) projections with respect to the ability of the Debtor to make payments under the Plan.  Thus, the requirements of § 1190(1) are satisfied.

   xi. <u>Contents of Plan – § 1190(2)</u>.  As required by § 1190(2), the Plan dedicates all the Debtor's projected Disposable Income to be used for distributions under the Plan, to be distributed by the Distribution Agent, or if greater, the other income

necessary for the execution of the Plan. As described in sections 2.31 and 6.5.1 of the Plan, the Debtor shall be, and serve as, the Distribution Agent under the Plan. As such, § 1190(2) is satisfied.

  xii. <u>Contents of Plan – § 1190(3)</u>. As authorized by §§ 1190(3) and 522(f), the Plan proposes to modify the rights of the holder of a claim secured only by a security interest in real property that is the Debtor's principal residence. Specifically, section 5.7.2 of the Plan proposes to avoid, release, and discharge any Allowed Class 7 Claim that holds a judicial Lien on the 607 Condo. As to each holder of an Allowed Class 7 Claim which holds a judicial Lien on the 607 Condo, such Lien impairs the Debtor's homestead exemption in the 607 Condo and, accordingly, the Debtor may avoid the fixing of each such judicial Lien as against the 607 Condo pursuant to 11 U.S.C. §§ <u>1190</u>(3) and 522(f).

 I. <u>The Confirmed Plan and the Proponent Comply with the Bankruptcy Code</u>. The Confirmed Plan complies with the applicable provisions of the Bankruptcy Code. Likewise, the Debtor has complied with the applicable provisions of the Bankruptcy Code. Thus, §§ 1129(a)(1) and (a)(2) are satisfied. Among other things:

  i. the Debtor is the proper proponent of the Plan under § 1189(a);

  ii. the Confirmed Plan complies, and Debtor has complied, generally with applicable provisions of the Bankruptcy Code; and

  iii. the Debtor has complied with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules and orders of the Bankruptcy Court in transmitting the Plan, ballots, related documents and notices, and in soliciting and tabulating votes on the Plan.

 J. <u>Good Faith</u>. The Debtor filed the Bankruptcy Case in good faith and for a valid bankruptcy purpose. Additionally, the Plan is proposed in good faith and not by any means forbidden by law, and therefore complies with the requirements of § 1129(a)(3). Among other things:

      ii.      the Debtor filed this chapter 11 Case, and the Debtor has proposed the Plan for a valid bankruptcy purpose;

      iii.      neither this Case nor the Plan was filed as a litigation tactic or for delay;

      iv.      the Debtor has been, and is, actively prosecuting this Case;

      v.      the Debtor proposed the Plan with the legitimate and honest purpose of, among other things, providing for the collection and liquidation of the Debtor's assets, and providing a meaningful return to creditors;

      vi.      the Plan is the fruit of arms-length negotiations with creditors, and includes input from the Trustee appointed under § 1183;

      vii.      the Plan contemplates that the 608 Condo and 707 Condo will be liquidated, with the proceeds to be collected and distributed to the holders of Allowed Claims; and

      viii.      the Plan contemplates that the claims of creditors will be satisfied by cash distributions to the holders of Allowed Claims, to be paid directly by the Debtor, either from (a) the Debtor's projected Disposable Income; or (b) if greater, a Plan Bonus of $10,000 plus the net liquidation proceeds of the 608 Condo and the 707 Condo.

K.      <u>Payments for Services or Costs and Expenses</u>.  Any payment made or to be made under the Confirmed Plan for services or for costs and expenses in or in connection with the Bankruptcy Case prior to the Effective Date, including all fees and expenses incurred by Professionals, has been approved by, or is subject to the approval of, the Court as reasonable, thereby satisfying § 1129(a)(4).

L.      <u>Manager(s) of the Reorganized Debtor</u>.  The Plan and other filings of record identify the Reorganized Debtor as the Distribution Agent under the Plan, unless the Court orders otherwise.  The proposed service of the Reorganized Debtor as Distribution Agent is consistent with the interests of the holders of Claims and with public policy.  Therefore, the Debtor has complied with § 1129(a)(5).

M. <u>No Rate Changes</u>. The Confirmed Plan satisfies § 1129(a)(6) because the Confirmed Plan does not provide for any change in rates over which a governmental regulatory commission has jurisdiction.

N. <u>Best Interests of Creditors Test</u>. The Plan was accepted by six of seven Classes of Claims and Interests. Further and in any event, the Plan provides that each holder of a Claim (including the holders of Claims in Class 2, the rejecting Class) will receive or retain under the Plan on account of its Claim property of a value, as of the Effective Date of the Plan, that is not less than the amount such holder would receive or retain if the Case were converted to chapter 7, and the Estate were liquidated by a chapter 7 trustee.

O. <u>Acceptance by Certain Classes</u>. Six of the seven Classes of Claims accepted the Confirmed Plan. As noted below, with respect to Class 2, the Plan satisfies § 1191(b), in that it is fair and equitable and does not discriminate unfairly with respect to Class 2.

P. <u>Treatment of Administrative Expense Claims and Priority Tax Claims</u>. The Confirmed Plan satisfies the requirements of §§ 1129(a)(9) and 1191(e). Except to the extent the holder of a particular Claim agrees to a different treatment, the Confirmed Plan specifies that Administrative Expense Claims (including professional compensation) and Priority Tax Claims shall be paid as mandated by §§ 1129(a)(9) and 1191(e) (except to the extent that a holder agrees otherwise).

Q. <u>Acceptance by at Least One Impaired Class</u>. All but one of the impaired Classes have accepted the Plan, as shown by the Ballot Tabulation Register and other stipulations and filings of record. The acceptance of at least one of such accepting impaired Classes has been determined without including the votes of any insiders, thus satisfying § 1129(a)(10).

R. <u>Feasibility</u>. The Confirmed Plan is feasible and complies with § 1129(a)(11). The Plan provides that the Debtor will fund the Plan both (a) with the net liquidation proceeds of the 608 Condo and the 707 Condo, and (b) contributions from the Debtor's future earnings. The combined net liquidation proceeds and contributions from earnings will be used to make

distributions equal to the greater of (y) the Debtor's projected Disposable Income (i.e., $77,635.20); or (z) the net liquidation proceeds of the 608 Condo and the 707 Condo plus a Plan Bonus of $10,000.  As illustrated by the budget attached to the Plan as <u>Exhibit A</u>, the Debtor reasonably anticipates having sufficient "cash flow" to satisfy his living expenses and Plan obligations after the Effective Date. The Debtor is employed, and his future projected wages should be sufficient to fund the payments required under the Plan. Additionally, the Debtor has listed the 608 Condo and 707 Condo for sale.

  S. <u>Payment of Fees</u>.  Because this is a case under subchapter V of chapter 11, no fees are payable under 28 U.S.C. § 1930.  Thus, § 1129(a)(12) is satisfied.

  T. <u>Continuation of Retiree Benefits</u>.  The Confirmed Plan complies with § 1129(a)(13).  The Debtor is not obligated to pay any retiree benefits subject to § 1114.

  U. <u>Current on Domestic Support Obligations</u>.  The Debtor is current on all post-Petition Date domestic support obligations.  Therefore, § 1129(a)(14) is satisfied.

  V. <u>§ 1129(a)(15) Is Not Applicable</u>.  Pursuant to section 1181(a) of the Bankruptcy Code, § 1129(a)(15) does not apply to this Case because it was filed under subchapter V of title 11 of the Bankruptcy Code – a Small Business Debtor Reorganization governed by sections 1181 through 1195 of the Bankruptcy Code (a "**SBRA Case**").

  W. <u>Transfers Will Comply with Nonbankruptcy Law</u>.  The Confirmed Plan complies with § 1129(a)(16) because any transfers of assets to be made under the Confirmed Plan will be made in accordance with applicable nonbankruptcy law that governs the transfer of property by a corporation or trust that is not a moneyed, business, or commercial corporation or trust.

  X. <u>§§ 1129(b), (c) and (e) Are Not Applicable</u>.  Pursuant to section 1181(a) of the Bankruptcy Code, §§ 1129(b), (c) and (e) do not apply to a SBRA Case.

  Y. <u>Confirmation Pursuant to § 1191(a)</u>.  To the extent that all Classes of Claims accept (or are deemed to have accepted) the Plan on or before the Confirmation Hearing, all of the requirements of § 1129(a), other than paragraph (15) of that section, are met.  Accordingly,

{00587018.DOCX / 2}

subject to a change in the voting of Class 2, the Court could confirm the Plan pursuant to § 1191(a). Absent such a change, which would be confirmed at the Confirmation Hearing and set forth in the Confirmation Order, the Plan is subject to confirmation under § 1191(b).

Z. Fair and Equitable; No Unfair Discrimination – § 1191(b). All requirements to confirm the Plan under 1191(b) are satisfied. Six of the seven Classes of Claims have accepted (or are deemed to have accepted) the Plan. As such, the requirements of § 1191(b) are not applicable as to the "accepting" Classes. With respect to the sole rejecting Class, Class 2, the Plan is fair and equitable and does not discriminate unfairly as to such Class, because the Plan provides that the Debtor will fund the Plan both (a) with the net liquidation proceeds of the 608 Condo and the 707 Condo, and (b) contributions from the Debtor's future earnings. The combined net liquidation proceeds and contributions from earnings will be used to make distributions equal to the greater of (y) the Debtor's projected Disposable Income (i.e., $77,635.20); or (z) the net liquidation proceeds of the 608 Condo and the 707 Condo plus a Plan Bonus of $10,000. Moreover, there is at least a reasonable likelihood that the Debtor will be able to make all payments under the Plan. Finally, the Plan provides appropriate remedies to holders of Claims if payments are not made, as set forth in section 14 of the Plan. Thus, the Plan satisfies § 1191(b), and may be confirmed under § 1191(b).

AA. No Other Plan. Although § 1129(c) does not apply to this SBRA Case, § 1129(c) nonetheless is satisfied. No other chapter 11 plan is pending or has been confirmed in this Case.

BB. Principal Purpose of Confirmed Plan. The principal purpose of the Confirmed Plan is not the avoidance of taxes or the avoidance of the application of section 5 of the Securities Act of 1933 (15 U.S.C. § 77e). Therefore, the Confirmed Plan satisfies the requirements of § 1129(d).

CC. The Court announced other findings of fact and conclusions of law on the record at the Confirmation Hearing, which findings and conclusions are incorporated herein by reference.

DD. In summary, the Plan complies with, and the Debtor has satisfied, all applicable confirmation requirements, and the Plan will be confirmed by entry of the separate Confirmation Order.

------------------------------------ END OF DOCUMENT ------------------------------------


## **DESIGNATION OF PARTIES TO BE SERVED**

Service of the foregoing **FINDINGS AND CONCLUSIONS REGARDING CONFIRMATION OF DEBTOR'S PLAN UNDER SUBCHAPTER V OF CHAPTER 11** shall be served to the parties and in the manner designated below:

**By Electronic Service**: I certify that the parties of record in this case as identified below, are registered CM/ECF users, and will be served notice of entry of the foregoing Order through the CM/ECF System:

- **Matthew M. Boley**    mboley@ck.law, klopez@ck.law
- **Armand J. Howell**    armand@hwmlawfirm.com, armand@ecf.courtdrive.com;meghan@ecf.courtdrive.com
- **Mark S. Middlemas**    LundbergECFmail@Lundbergfirm.com, ecfmaildistgroup@lundbergfirm.com
- **David W. Newman tr**    David.W.Newman@usdoj.gov, Lindsey.Huston@usdoj.gov;James.Gee@usdoj.gov;Rinehart.Peshell@usdoj.gov;Rachelle.D.Armstrong@usdoj.gov;Brittany.Eichorn@usdoj.gov
- **D. Ray Strong tr**    rstrong@thinkbrg.com, UT30@ecfcbis.com;drstrong@ecf.axosfs.com
- **Dean A. Stuart**    dean@brucerichards.law, lynn@richardsandassociateslawoffice.com
- **Jeffrey L. Trousdale**    jtrousdale@cohnekinghorn.com, mparks@ck.law;tkosec@ck.law
- **United States Trustee**    USTPRegion19.SK.ECF@usdoj.gov

**By U.S. Mail**: In addition to the parties of record receiving notice through the CM/ECF system, the following parties should be served notice pursuant to Fed. R. Civ. P. 5(b).

☒    None

☐    If there are additional parties list the names and addresses of the additional parties.

☐    All parties on the Court's official case matrix.

/s/ Matthew M. Boley

{00587018.DOCX / 2}